IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CHARLES CECIL THOMAS | * | |
| Petitioner | * | |
| v. | * | Civil Action No. AMD-09-1921 |
| | * | |
| WARDEN MTC and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND | * | |
| | * | |
| Respondents | * | |
| | *** | |

MEMORANDUM

Before the court is respondents' answer to the petition for writ of habeas corpus asserting the petition is time-barred. Paper No. 5. Petitioner has filed a response. Paper No. 7. The court finds a hearing in this matter unnecessary. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2008); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000).

On January 21, 2004, after a bench trial, petitioner was convicted of possession of cocaine and possession of cocaine with intent to distribute in the Circuit Court for St. Mary's County. Paper No. 5 at Ex. 1, p. 9. Petitioner was sentenced to serve ten years with all but eight years suspended. He appealed the conviction to the Maryland Court of Special Appeals which affirmed the trial court's decision on January 20, 2005; the mandate issued on February 22, 2005. Petitioner did not pursue any further appellate review;[1] therefore, his conviction became final on March 9, 2005, when the time for seeking further review expired.

There is a one year period of limitation imposed on prisoners seeking to file a petition for

---

[1] Petitioner filed a motion with the Maryland Court of Appeals seeking leave to file a belated petition for writ of certiorari on April 4, 2006, which was denied on June 9, 2006. Paper No. 5 at Ex. 3—5.

writ of habeas corpus pursuant to 28 U.S.C. § 2254. The period begins to run on the date the criminal conviction is final; however, it is tolled while properly filed post-conviction proceedings are pending. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F. 3d 325, 328 (4th Cir. 2000); *Hernandez v. Caldwell*, 225 F. 3d 435, 438 (4th Cir. 2000). The deadline for filing a federal habeas corpus petition in the instant case was March 9, 2006. The deadline was not tolled by virtue of any properly filed post-conviction proceedings or other collateral proceedings. *See* Paper No. 5 at Ex. 1.

Petitioner was advised by the court that he could explain why his § 2254 petition should not be dismissed as time-barred. Paper No. 6. Petitioner responded, attaching a copy of a post-conviction decision dated November 24, 2008, denying post-conviction relief.[2] Paper No. 7. He offers no basis for an equitable tolling of the filing deadline; thus, the petition must be dismissed as untimely.

An order follows.

Date: October 26, 2009                          _/s/_____
                                                Andre M. Davis
                                                United States District Judge

---

[2] Petitioner filed for post-conviction relief on July 19, 2006. Paper No. 5 at Ex. 1, p. 12.